UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

Nº 11-CV-2957 (JFB)(AKT)
_____

EVELYN E. CLARKE,

Plaintiff,

VERSUS

ROSLYN UNION SCHOOL DISTRICT,

Defendant.
_____

**MEMORANDUM AND ORDER**
July 17, 2012
_____

JOSEPH F. BIANCO, District Judge:

Evelyn Clarke ("Clarke" or "plaintiff"), proceeding *pro se* and *in forma pauperis*, filed this action against the Roslyn Union Free School District[1] ("District" or "defendant") on June 20, 2011, alleging that the District, her former employer, violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17; the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621-34; and the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12112-12117. Specifically, plaintiff alleges that defendant discriminated against her by terminating her, failing to promote her, establishing unequal terms and conditions of her employment, retaliating against her, and by failing to give her overtime.

Defendant moves to dismiss the complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, on the grounds that (1) the complaint is untimely, (2) plaintiff's ADA claim is unexhausted because she failed to raise it in her New York State Division of Human Rights ("SDHR") complaint, and (3) the complaint fails to state a cause of action.

As discussed below, defendant's motion to dismiss is granted. The complaint is untimely, the ADA claim is unexhausted, and plaintiff failed to state a cause of action with respect to any of her claims. In an abundance of caution, however, the Court grants plaintiff leave to replead her claims. In so doing, plaintiff must attempt to provide

---

[1] Incorrectly sued herein as the Roslyn Union School District.

grounds for equitable tolling and must allege how the events and incidents plaintiff describes in her complaint were taken on the basis of plaintiff's protected status under Title VII, the ADEA, or the ADA, such that a plausible discrimination claim exists.

I. BACKGROUND

The following facts are taken from the complaint filed on June 20, 2011 ("Compl."), and are not findings of fact by the Court. Instead, the Court will assume the facts in the complaint to be true and, for purposes of the pending 12(b)(6) motion to dismiss, will construe them in a light most favorable to plaintiff, the non-moving party.

Plaintiff was employed by the District in food service. (Compl. ¶ 8.) Plaintiff alleges the following in her complaint, which reads, in its entirety:

> No one provided for to hear Complaints or grievances[.] Wasn't given any training, Cooked but is not paid for a Cook's Wages[.] Not allowed to have personal effe[c]ts in Kitchen. When all other were allowed to do so. Had to scrub pots + pans that were left from another shift. Was barred from working at Cash Register[.] Heavy work of Pots + Pans left for her to work. Denied advancement + growth in workplace[.] Transferred without notice to another Job site Without any input. No transportation to new site accept [sic] to walk. Had to see psychological counseling.
>
> I was locked in the school freezer. I was-was attacked and choked by my supervisor. I tried to speak to the superintendent many times but was never given an appointment[.] I tried to speak to the union representative. She wouldn't return my calls. Mrs. Hunter tried to call my union representative several times. She did not return her calls. The day of my forced resignation the union representative was present. She didn't speak anything on my behalf. The day I was fired, I was directed to not return back to the job. Mrs. Hunter set up an appointment with Mr. Gragone and asked to allow me (Evelyn Clarke) to resign. Otherwise, he said that "If She doesn't resign; she would go through a hearing and could loose [sic] her retirement benefits.

*Id.*

II. PROCEDURAL HISTORY

Plaintiff filed the complaint in this action on June 20, 2011. Defendant filed a motion to dismiss on September 15, 2011. Plaintiff filed an Affirmation in Opposition to the motion to dismiss on December 5, 2011. Defendant filed a reply to plaintiff's Affirmation on December 9, 2011. The Court has fully considered the arguments and submissions of the parties.

III. STANDARD OF REVIEW

In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006); *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005). "In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege a plausible set of facts sufficient 'to raise a right to relief above the speculative

2

level.'" *Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Mgmt. LLC*, 595 F.3d 86, 91 (2d Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). This standard does not require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955.

The Supreme Court clarified the appropriate pleading standard in *Ashcroft v. Iqbal*, setting forth a two-pronged approach for courts deciding a motion to dismiss. 556 U.S. 662, 129 S. Ct. 1937 (2009). The Court instructed district courts to first "identify[ ] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." 129 S.Ct. at 1950. Though "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* Second, if a complaint contains "well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

Where, as here, the plaintiff is proceeding *pro se*, "[c]ourts are obligated to construe the [plaintiff's] pleadings . . . liberally." *McCluskey v. New York State Unified Ct. Sys.*, No. 10-CV-2144 (JFB)(ETB), 2010 WL 2558624, at *2 (E.D.N.Y. June 17, 2010) (citing *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008)); *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004)). A *pro se* plaintiff's complaint, while liberally interpreted, still must "'state a claim to relief that is plausible on its face.'" *Mancuso v. Hynes*, 379 Fed. App'x 60, 61 (2d Cir. 2010) (citing *Iqbal*, 129 S.Ct. at 1949); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (applying *Twombly* and *Iqbal* to *pro se* complaint).

The Court notes that in adjudicating a Rule 12(b)(6) motion, it is entitled to consider: "(1) facts alleged in the complaint and documents attached to it or incorporated in it by reference, (2) documents 'integral' to the complaint and relied upon in it, even if not attached or incorporated by reference, (3) documents or information contained in defendant's motion papers if plaintiff has knowledge or possession of the material and relied on it in framing the complaint, (4) public disclosure documents required by law to be, and that have been, filed with the Securities and Exchange Commission, and (5) facts of which judicial notice may properly be taken under Rule 201 of the Federal Rules of Evidence." *In re Merrill Lynch & Co.*, 273 F. Supp. 2d 351, 356-57 (S.D.N.Y. 2003) (internal citations omitted), *aff'd in part and reversed in part on other grounds sub nom., Lentell v. Merrill Lynch & Co.*, 396 F.3d 161 (2d Cir. 2005), *cert. denied*, 546 U.S. 935 (2005); *see also Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("[T]he district court . . . could have viewed [the documents] on the motion to dismiss because there was undisputed notice to plaintiffs of their contents and they were integral to plaintiffs' claim."); *Brodeur v. City of New York*, No. 04 Civ. 1859 (JG), 2005 U.S. Dist. LEXIS 10865, at *9-10 (E.D.N.Y. May 13, 2005) (court could consider documents within the public domain on a Rule 12(b)(6) motion to dismiss).

3

## IV. DISCUSSION

### A. Untimeliness

#### 1. Applicable Law

A Title VII action must be commenced by a plaintiff within ninety days of his or her receipt of a Notice of Right to Sue ("right-to-sue letter") from the EEOC. *See* 42 U.S.C. § 2000e-5(f)(1); *see, e.g.*, *Johnson v. St. Barnabas Nursing Home*, 368 F. App'x 246, 248 (2d Cir. 2010) (allegation presented in an EEOC charge is timely only if a plaintiff commences a court action within ninety days of receipt of the EEOC right-to-sue letter). Similarly, ADEA and ADA claims must also be filed within ninety days of receipt of a right-to-sue letter in order to be timely asserted. *See* 29 U.S.C. § 626(e); 42 U.S.C. § 12117(a) (stating that ADA employment discrimination procedures shall include those set forth at 42 U.S.C. § 2000e-5(f)(1)); *see, e.g.*, *Presser v. Key Foods Stores Coop., Inc.*, 316 F. App'x 9, 11 (2d Cir. 2009) ("To be timely, ADEA claims must be filed within 90 days of receipt of a right-to-sue letter."). "A district court may not extend this 90-day limitations period 'by even one day' unless a 'recognized equitable consideration' justifies such an extension." *Jones v. City of N.Y. Dept. of Hous., Pres. and Dev.*, No. 01 Civ. 10619 (AKH), 2002 U.S. Dist. LEXIS 10940, 2002 WL 1339099, at *5 (S.D.N.Y. June 18, 2002) (quoting *Johnson v. Al Tech Specialties Steel Corp.*, 731 F.2d 143, 146 (2d Cir. 1984)).

It is well-settled that filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but "a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393, 102 S. Ct. 1127, 71 L. Ed. 2d 234 (1982). Accordingly, courts have excused the failure to timely file an employment discrimination complaint in court where a plaintiff has received inadequate notice of his or her obligations or has been misled by affirmative misconduct of the defendant. *See, e.g.*, *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151, 104 S. Ct. 1723, 80 L. Ed. 2d 196 (1984). In addition, the statutory time period for filing a federal lawsuit has been tolled during the pendency of an application for the appointment of *pro bono* counsel, *id.* (citing *Harris v. Walgreen's Distrib. Ctr.*, 456 F.2d 588 (6th Cir. 1972)), or "where the court has led the plaintiff to believe that she had done everything required of her." *Id.* (citing *Carlile v. South Routt Sch. Dist. RE 3-J*, 652 F.2d 981 (10th Cir. 1981)); *see also South v. Saab Cars USA, Inc.*, 28 F.3d 9, 11-12 (2d Cir. 1994) (the established equitable grounds warranting equitable tolling of the ninety-day limitations period for filing federal employment discrimination claims include circumstances: (1) "where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period," (2) "where the claimant has been induced or tricked . . . into allowing the filing deadline to pass," (3) "where the court has led the plaintiff to believe that she had done all that was required of her," (4) "where affirmative misconduct on the part of the defendant may have lulled plaintiff into inaction," (5) "where the claimant has received inadequate notice," and (6) "where a motion for appointment of counsel is pending.").

#### 2. Application

Although plaintiff checked the box on the boilerplate *Pro Se* Office form Complaint that avers that the EEOC had not issued her a right-to-sue letter, the docket

4

includes a letter, dated June 20, 2011, from the *Pro Se* Office which states, "As per our telephone conversation today, you are reminded that you must submit a copy of your 'Right to Sue' letter to this Court at your earliest convenience." (Letter from *Pro Se* Office to Plaintiff, June 20, 2011, ECF No. 3.) On June 23, 2011, plaintiff filed the right-to-sue letter with the Court. The right-to-sue letter indicates that it was mailed on March 15, 2011. Plaintiff filed the instant action on June 20, 2011 – 97 days after the right-to-sue letter was mailed.

The general rule is that notice provided by a government agency is assumed to have been mailed on the date shown on the notice and received three days after its mailing. *Sherlock v. Montefiore Med. Ctr.*, 84 F.3d 522, 526 (2d Cir. 1996) ("normally it may be assumed, in the absence of challenge, that a notice provided by a government agency has been mailed on the date shown on the notice"). This rule is not irrebutable, however. "If a claimant presents sworn testimony or other admissible evidence from which it could reasonably be inferred either that the notice was mailed later than its typewritten date or that it took longer than three days to reach her by mail, the initial presumption is not dispositive." *Id.*

Plaintiff has introduced no admissible evidence to demonstrate that the right-to-sue letter was mailed later than Tuesday, March 15, 2011, or that it took longer than three days to reach her. Accordingly, the Court presumes that plaintiff received the right-to-sue letter by Friday, March 18, 2011.[2] Since plaintiff filed the instant action 94 days later, on June 20, 2011, her complaint was not filed within the requisite 90 days and is therefore untimely. Moreover, plaintiff has made no argument in any of her filings with the Court that the action should be subject to equitable tolling. Accordingly, the Court dismisses plaintiff's claims for untimeliness. In an abundance of caution,[3] however, the Court will allow plaintiff to replead her discrimination claims, and give her the opportunity to provide a basis for equitable tolling (if such a basis exists). In the amended complaint, plaintiff must explain why equitable principles should excuse the untimeliness issues identified above.

### B. Failure to Exhaust

Defendant also argues that plaintiff's ADA claim must be dismissed because plaintiff failed to exhaust her administrative remedies with respect to this claim. Specifically, defendant argues that plaintiff never raised the ADA claim in her SDHR Verified Complaint. Plaintiff did not check the line on the SDHR Verified Complaint stating that she experienced disability discrimination. Nor did plaintiff make any other allegations in her SDHR Verified Complaint concerning discrimination on the basis of disability. Thus, defendant argues that the ADA claim is unexhausted and should be dismissed. As set forth below, the Court agrees.

Generally, to bring a Title VII discrimination claim in federal district court, a plaintiff must first exhaust her administrative remedies by "filing a timely charge with the EEOC or with 'a State or local agency with authority to grant or seek

---

[2] Even if the plaintiff received the right-to-sue letter on Saturday, March 19, 2011, the complaint would still be untimely.

[3] *Cf. Bisson v. Martin Luther King Jr. Health Clinic*, No. 07-5416-cv, 2008 U.S. App. LEXIS 23977, 2008 WL 4951045, at *3-4 (2d Cir. Nov. 20, 2008) (summary order) (remanding case to district court to consider whether equitable tolling should apply to time-barred claim).

relief from such practice.'" *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 82-83 (2d Cir. 2001) (quoting 42 U.S.C. § 2000e-5(e)).[4] The same procedures apply for ADA employment discrimination claims. *See* 42 U.S.C. § 12117(a) (ADA employment discrimination procedures shall include those set forth at 42 U.S.C. § 2000e-5(e)). However, "'claims that were not asserted before the EEOC [or an appropriate State or local agency] may be pursued in a subsequent federal court action if they are reasonably related to those that were filed with the agency.'" *Jute v. Hamilton Sundstrand Corp.*, 420 F.3d 166, 177 (2d Cir. 2005) (quoting *Legnani v. Alitalia Linee Aeree Italiane, S.P.A.*, 274 F.3d 683, 686 (2d Cir. 2001) (per curiam)). "Reasonably related conduct is that which 'would fall within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge that was made.'" *Id.* (quoting *Fitzgerald v. Henderson*, 251 F.3d 345, 359-69 (2d Cir. 2001)).[5] In determining whether a claim is "reasonably related" to the EEOC charge, "'the focus should be on the factual allegations made in the [EEOC] charge itself . . .'" and on whether those allegations "gave the [EEOC] 'adequate notice to investigate'" the claims asserted in court. *Williams v. N.Y.C. Hous. Auth.*, 458 F.3d 67, 70 (2d Cir. 2006) (quoting *Deravin v. Kerik*, 335 F.3d 195, 201-02 (2d Cir. 2003)).

Although plaintiff fails to explain how any of the events and actions described in her complaint were motivated by discrimination on any basis, the claim that defendant's actions were motivated by discrimination on the basis of disability is not "reasonably related" to her claims that defendant's events and actions were motivated by discrimination on the basis of age or a protected status under Title VII. *See Sotolongo v. N.Y.C. Transit Auth.*, No. 99-9195, 2000 U.S. App. LEXIS 14161, at *8 (2d Cir. June 15, 2000) (summary order) (dismissing ADA claim concerning back injury as "not reasonably related to [plaintiff's] Title VII and ADEA claims"); *Vallimont v. Eastman Kodak Co.*, No. 98-7483, 1999 U.S. App. LEXIS 22825, at *2 (2d Cir. Sept. 17, 1999) (summary order) ("Appellant's EEOC charge alleged only discrimination based on disability. Consequently, the district court did not have jurisdiction over appellant's Title VII (gender) and ADEA claims."). Accordingly, plaintiff has failed to exhaust her administrative remedies with respect to the ADA claim. The Court therefore dismisses the ADA claim for failure to exhaust. In order to properly exhaust her administrative remedies with respect to the ADA claim, plaintiff would have needed to file an administrative charge within 300 days of the conduct at issue. *See Goodwin v. Solil Mgmt. LLC*, 10 Civ. 5546 (KBF), 2012 U.S. Dist. LEXIS 72648, at *10 (S.D.N.Y. May 22, 2012); 42 U.S.C. § 2000e-5(e)(1); 42 U.S.C. § 12117. More than 300 days have passed since that date, and plaintiff has not alleged any basis for equitable tolling. *See, e.g.*, *Epps v. City of Pittsburgh*, 33 F. Supp. 2d 409, 413 (W.D. Pa. 1998) (finding no grounds for equitable tolling where no charge was filed with EEOC).

---

[4] As discussed above, plaintiff's EEOC charge was untimely. However, for the purposes of this section, the Court assumes that plaintiff timely filed the charge with the EEOC.

[5] Two other kinds of claims may be considered "reasonably related": those alleging "retaliation by an employer against an employee for filing an EEOC charge," and those alleging "further incidents of discrimination carried out in precisely the same manner alleged in the EEOC charge." *Butts v. N.Y.C. Dep't of Hous. Pres. & Dev.*, 990 F.2d 1397, 1402-03 (2d Cir. 1993). Neither is at issue in this case.

6

In an abundance of caution, however, the Court will allow plaintiff to replead her ADA claim, and give her the opportunity to provide a basis for equitable tolling (if such a basis exists) for her failure to exhaust at all with the EEOC on the ADA claim. In the amended complaint, plaintiff must explain why equitable principles should excuse her failure to file an administrative charge concerning the ADA claim within 300 days of the alleged discriminatory conduct.

### C. Failure to State a Claim

The Court also concludes that, even assuming *arguendo* that plaintiff's claims are timely, they are not plausible and, thus, cannot survive a motion to dismiss. In particular, although plaintiff checks off the boxes on the amended complaint form for discrimination under Title VII, the ADEA, and the ADA, the complaint is completely devoid of any factual allegations showing how the incidents plaintiff describes were taken or motivated in any way by discriminatory animus.

A complaint must allege a plausible claim of discrimination and "'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Swierkiewicz v. Sorema*, 534 U.S. 506, 512, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)); *see Gilman v. Inner City Broad. Corp.*, No. 08 Civ. 8909 (LAP), 2009 U.S. Dist. LEXIS 85479, 2009 WL 3003244, at *10-13 (S.D.N.Y. Sept. 18, 2009) (discussing pleading standards in discrimination cases following *Iqbal* and *Twombly*). Plaintiff's complaint fails to meet these standards. Plaintiff alleges that: (1) the District did not provide procedures for hearing her complaints; (2) she wasn't given training; (3) her wages were insufficient; (4) she was not allowed to have personal belongings in the kitchen; (5) she had to scrub pots left from another shift; (6) she was not permitted to work at the cash register; (7) she was "denied advancement" in the workplace; (8) she was transferred to another site; (9) she had to seek psychological counseling; (10) she was locked in a freezer; (11) her supervisor attacked her; (12) the superintendent and union representatives would not return her calls or see her; (13) she was asked to resign or risk losing her retirement benefits.

At no point does the plaintiff allege that these incidents or actions were taken on the basis of plaintiff's "race, color, religion, sex, or national origin," 42 U.S.C. § 2000e-2, or on the basis of plaintiff's age, 29 U.S.C. § 623, or on the basis of disability, 42 U.S.C. § 12112. Such allegations are, therefore, insufficient to state a claim of discrimination, even where the plaintiff is *pro se. See, e.g.*, *Gear v. Dep't of Educ.*, 07 Civ. 11102 (NRB), 2010 U.S. Dist. LEXIS 137153, at *14 (S.D.N.Y. Dec. 21, 2010) (*pro se* plaintiff's "single, conclusory allegation that [the union] would have acted differently if she were white" was insufficient to state a plausible claim for relief where the "allegation [was] unaccompanied by any facts regarding [the union's] statements, actions, or policies that would support a plausible inference of discriminatory animus or disparate impact"); s*ee also Martinez v. City of New York*, 338 F. App'x 71, 73 (2d Cir. 2009) (summary order) (dismissing *pro se* appellant's complaint that "he was improperly fined three days' pay based on his supervisor's bias against African-Americans" because the "complaint acknowledged the Defendants' non-discriminatory reason for the adverse action and failed to allege facts which, if

proved, would establish that this reason for the penalty was pretextual, and that the action was, in fact, taken due to a discriminatory animus"); *Reyes v. Fairfield Props.*, 661 F. Supp. 2d 249, 269 (E.D.N.Y. 2009) ("No identification of particular events or facts underlying the race-based discrimination claims is set forth in the amended complaint, and thus the claim is properly dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure."); *Zheng v. Wong*, No. 07-CV-4768 (FB)(JO), 2009 U.S. Dist. LEXIS 74891, 2009 WL 2601313, at *20 (E.D.N.Y. Aug. 24, 2009) (dismissing sex discrimination claim because complaint contained no factual allegations to support claim); *Delgado v. Triborough Bridge & Tunnel Auth.*, 485 F. Supp. 2d 453, 463 (S.D.N.Y. 2007) ("A complaint consisting only of assertions, setting forth no specific facts upon which a court could find a plausible violation of Title VII, must be dismissed for failure to state a claim under Rule 12(b)(6).").

In short, plaintiff has failed to allege any facts which provide a basis for a plausible discrimination claim under Title VII, the ADEA, and the ADA. However, in an abundance of caution, the Court will provide plaintiff with an opportunity to replead with respect to these discrimination claims in order to set forth additional allegations as to how the events and incidents plaintiff describes in her complaint were taken on the basis of, or related to, plaintiff's protected status under Title VII, the ADEA, or the ADA.

## V. CONCLUSION

For the foregoing reasons, the Court grants defendant's motion to dismiss the complaint in its entirety. However, in an abundance of caution, the Court grants plaintiff leave to replead her claims. In so doing, plaintiff must attempt to provide grounds for equitable tolling, and must allege how the events and incidents plaintiff describes in her complaint were taken on the basis of, or related to, plaintiff's protected status under Title VII, the ADEA, or the ADA. Plaintiff must file the amended complaint by August 22, 2012. Failure to do so will result in dismissal of the complaint with prejudice, and the case will be closed.

SO ORDERED.

_____

JOSEPH F. BIANCO
United States District Judge

Dated: July 17, 2012
      Central Islip, New York

\*    \*    \*

Plaintiff is proceeding *pro se*, 1781 South Spring Road, Apt. 331, Vineland, NJ 08361. Defendant is represented by David Ferdinand Kwee, Ingerman Smith, L.L.P., 150 Motor Parkway, Suite 400, Hauppauge, NY 11788.